# Land *v.* Automobile Finance Company, Appellant.

*Bailments—Lease of automobile—Fraud—Case for jury.*

In an action to recover the amount paid on the purchase price of an automobile taken under a bailment lease, the case is for the jury and a verdict for the plaintiff will be sustained, where the testimony, if believed, was sufficient to establish fraud and collusion in the transactions surrounding the sale.

Where the defendant in the guise of a money lender takes an assignment of a lease, reaffirms the promise of the original vendor, and acknowledges the receipt of part of the purchase price of an auto-truck, which subsequently proved defective, it is liable in damages to the vendee for the money actually received.

Argued October 8, 1919. Appeal, No. 229, Oct. T., 1919, by defendant, from judgment of the Municipal Court of Philadelphia, February T., 1919, No. 8, on verdict for plaintiff in case of Tony Land v. Automobile Finance Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit for breach of warranty in a bailment lease. Before BONNIWELL, J.

Verdict for plaintiff for $498.43 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal of defendant's motion for judgment non obstante veredicto.

*George J. Edwards, Jr.,* for appellant.

*Joseph P. Gaffney,* and with him *Frederick W. Bauer, Martin G. Stein* and *M. A. Kilker,* for appellee.

OPINION BY HEAD, J., December 1, 1919:

The testimony produced by the plaintiff, if accepted by the jury, would have sustained a finding of the follow-

ing facts.  The plaintiff and his associate or partner were uneducated Italians but little versed in the use of the English language.  They lived at Girardville, Pennsylvania, and were there engaged in the business of contractors.  They desired to purchase an autotruck capable of carrying a reasonably heavy load.  They came to Philadelphia for the purpose of buying such a truck.  In company with an acquaintance, who resided in the city, they went to the place of business of the Roman Automobile Company.  They were shown a number of trucks and selected one and agreed on a price of $794.  It was represented to be in good condition and was to be delivered at Girardville, the company to furnish an experienced driver who, with the plaintiff, would take the car overland to that place.  The plaintiff had with him the sum of $475 in cash which he was ready to pay and did pay on account of the purchase money.  He was then informed by the man with whom he had been dealing that the company would require the entire purchase money to be paid in cash but that he could arrange to so finance the balance that it could be paid in instalments, at the rate of $25 every two weeks thereafter until full payment had been made.  The plaintiff was then taken, in fact, into an adjoining building, but, as they supposed, into another portion of the same building where they met the vice-president of the present defendant, the Automobile Finance Company.  The various details of the agreement that had been made were stated to him and he expressed his satisfaction therewith and his ability to arrange the payments of the balance yet to be paid in the manner already stated.  Up to that time the ostensible purchaser appears to have been Joe Tenaro.  He was asked to sign and did sign two papers.  He was unable to read them and was told that one of them was "only for the license so you can get the truck out."  In fact, one of the said papers was an assignment to the Auto Finance Company of all his rights under the contract of purchase he had made with the Roman Automobile Com-

pany. The other was a lease from the last-named company to Tony Land, the present plaintiff. The change was made because they discovered that Tenaro was about to enter or actually had entered the military service of the United States and it appeared it was not desirable from the standpoint of the company to do business with him. The papers were executed. A driver was furnished ostensibly by the Roman Automobile Company and the truck was started on its way to Girardville. When it reached Norristown, Pennsylvania, it broke down and could be taken no farther. It was left in the garage at that place and the plaintiff came back to the city and notified the man from whom he had purchased the car of what had happened and where the car had been left. He was told to go home and that the car would be put in shape and delivered at Girardville not later than the second day thereafter. It never was delivered. The instalment of future payment provided in the lease not having been made, the defendant company, at a date not exactly disclosed, seized the car. What disposition has since been made of it the evidence does not show.

The plaintiff sued to recover the money he had paid. The defendant company asserted it was an entire stranger in every respect to the transaction between the plaintiff and the Roman Automobile Company; that it knew nothing of any representations made by the latter, either as to the condition of the truck or the obligation to deliver it at Girardville. It objected to all evidence tending to prove the facts as we have stated them and sought a binding direction from the court for a verdict in its favor. That being refused, it thereafter moved for judgment notwithstanding the verdict, and the refusal of the court to give the direction prayed for and thereafter to enter judgment in its favor, constitute the chief assignments of error.

All of the circumstances surrounding this transaction seem to invite an investigation of it by a court and jury if the object of a trial be to endeavor to do justice be-

tween the parties. One of the papers already referred to, it is claimed, places the defendant in the shoes of Tenaro, the purchaser of the truck. The alleged payment by the defendant to the Roman company of the balance due would, in turn, seem to place the defendant in the shoes of the vendor. How that money was paid or when it was paid the evidence does not disclose. Although ostensibly the Roman company had parted with all of its title to the car either to Tenaro or to the present defendant and had no further interest in the transaction, it furnished a driver who undertook to deliver the car at Girardville according to the testimony of the plaintiff. Upon the return of the latter from Norristown with information of what had happened a further promise was made to have the car promptly put in shape and the delivery completed. Of course, even in transactions of this character, rules of law and evidence must be observed by the trial judge. After a careful examination of this record we are not convinced that the action of the court below was in contravention of any such rule and we are unable to perceive how the present defendant has suffered any injury from the standpoint of justice, good morals or otherwise.

The assignments of error are overruled. The judgment is affirmed.