## Hoffman et al., Appellants, v. Auto Security Company.

*Sales — Automobiles — Bailment leases — Fraud — Recovery of purchase price.*

In an action to recover the amount paid on the purchase price of an automobile, a statement of claim averred that the car was purchased from an automobile company and financed through the agency of a loan company recommended by the vendor. It further appeared that the loan company guaranteed that the motor truck was fit for the purposes of the plaintiffs and in good condition and repair. The statement also averred that the plaintiffs, at the request of the defendant, signed a written agreement which they were told by the defendant must be executed in order to show ownership in the car, which instead of being such a paper, was what is commonly known as a bailment lease. Subsequently the truck was found to be useless and the defendant was notified to that effect and asked to place the same in good condition. Instead of so doing, the defendant seized the motor truck under a writ of replevin. The plaintiffs then brought an action to recover the purchase price.

*Held,* that the statement of claim was sufficient.

524, (1921).] Statement of Facts—Opinion of the Court.

Argued April 22, 1920.  Appeal, No. 197, Oct. T., 1920, by plaintiffs, from judgment of Municipal Court of Philadelphia, April T., 1920, No. 113, in favor of defendant for want of a sufficient statement of claim in the case of James E. Hoffman and Mrs. James E. Hoffman v. Auto Security Company, a corporation.  Before Or-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Reversed.

Rule for judgment for want of a sufficient statement of claim.  Before McNICHOL, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.  Plaintiffs appealed.

*Error assigned* was the order of the court.

*David Newman,* for appellant.—The statement of claim was sufficient: El Dorado Jewelry Company v. Hopkins, 34 Pa. Superior Ct. 446; Logan v. Gardner, 136 Pa. 588; American Harrow Co. v. Swoope, 16 Pa. Superior Ct. 451; Templeton v. Shakley, 107 Pa. 370; Strawbridge v. Hawthorne, 47 Pa. Superior Ct. 647; Colt v. Diffenbach, 60 Pa. Superior Ct. 192.

*Ruby Vale,* and with him *Maxwell Pestcoe,* for appellee, cited: Greenfield's Est., 14 Pa. 496; Lowry v. Roy, 238 Pa. 9; Williams et al. v. Notopolos, 259 Pa. 469; General Motors Truck Company v. Philadelphia Paving Company, 248 Pa. 499; Oxweld Acetylene Co. v. Hastings, 71 Pa. Superior Ct. 178; Philadelphia Motor Speedway Association v. Murphy, 71 Pa. Superior Ct. 455.

OPINION BY TREXLER, J., March 5, 1921:

The plaintiffs sue for the recovery of the amount paid on the purchase price of an automobile.  The defendant

raises the question that the statement filed by the plaintiffs presents no cause of action. The allegations contained in the plaintiffs' statement are briefly as follows:

That they went to the place of business of the Gorson Automobile Company to buy an autotruck for the purposes which were made known to the Gorson company or its agents; that the sum of $1,000 was the price fixed for the truck and upon this, they paid the sum of $300 and were told by the Gorson company that the balance could be paid in installments to suit their convenience; that they were then taken to make the necessary arrangements for the sale to the defendant, the Auto Security Company. To its president, they expressed their desire to purchase the autotruck and an authorized agent of the defendant promised, agreed and guaranteed on behalf of the defendant that the autotruck, the one in question, was fit for the purposes of the plaintiffs and in good condition and repair. The price was fixed at $1,067.75, and the balance was to be paid in installments of $15 per week for forty-six weeks, and $10 for the forty-seventh week. The defendant then requested the plaintiffs to sign a written agreement which the defendant represented to be the same as the verbal agreement and the plaintiffs being ignorant of legal terms and phraseology, solely depending upon the promises of the defendant, signed the agreement, being further advised by the defendant that the paper must be executed in order to show ownership in the car; that instead of being a paper of the kind indicated, it was what is commonly known as a bailment lease. They afterwards found that the autotruck was useless and unfit for the purposes intended, and they notified the defendant to that effect and asked them to place the same in good condition, and fit for their purposes. Instead of doing that, the defendant seized the autotruck and took the same out of the possession of the plaintiff by a writ of replevin. The plaintiffs demand the sum of $367.75

being the money paid by them.  A copy of the lease is attached to the plaintiffs' statement.

It is alleged that the plaintiffs should have read the written contract before signing; that the agreement constitutes the entire contract between the parties and this is distinctly expressed, and that the plaintiffs in the same writing state that they have thoroughly examined the car, and have been advised that the Auto Security Company has no connection with any automobile company or concern.

The question presented is not without difficulty and we are not aided by any opinion by the lower court. We, however, think that the plaintiffs show a sufficient state of facts to warrant the matter to be submitted to a jury. The failure of the plaintiff to read the lease was induced by acts on the part of the defendant which if they are true amount to fraud.  They were imposed upon as to what the contract contained when they signed it.  Without wishing to pass any strictures on this defendant we cannot close our eyes to the fact that the aid of the courts has often been invoked in the enforcement of unconscionable contracts procured by fraud, and we do not feel constrained to go farther than we must in preserving the sanctity of such agreements.  The allegation here is, that the defendant was cognizant of the acts of the Gorson Automobile Company and that the two were acting in conjunction; that the Gorson company assumed the completion of the contract of sale and that it guaranteed the car.  There was a total failure of consideration when the truck proved to be useless for the purposes for which it was purchased.  The fact that the plaintiffs signed a paper in which they state that there was no connection between the two companies proves nothing.  Whether there was a connection between the two companies and they acted together in the matter is a question of fact, and we do not think the previous declaration of the plaintiff proved anything in this regard. We assume that the plaintiffs will be able to prove what

Opinion of the Court.    [75 Pa. Superior Ct.

they allege, and our remarks are premised upon that assumption. An entirely different state of affairs may appear at the trial.

The case resembles that of Land v. Automobile Finance Company, 73 Pa. Superior Ct. 116, in which our Brother HEAD said, "All of the circumstances surrounding this transaction seem to invite an investigation of it by a court and jury if the object of a trial be to endeavor to do justice between the parties."

The judgment is reversed with a procedendo.